1  WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
   DANIEL L. BAXTER (SBN 203862)
2  dbaxter@wilkefleury.com
   STEPHEN K. MARMADUKE (SBN 95476)
3  smarmaduke@wilkefleury.com
   400 Capitol Mall, Twenty-Second Floor
4  Sacramento, California 95814
   Telephone:    (916) 441-2430
5  Facsimile:    (916) 442-6664

6  Attorneys for Plaintiff/Cross-Defendant
   TDW SERVICES, INC.

7                    UNITED STATES DISTRICT COURT

8        EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

9

10 TDW SERVICES, INC., an Oklahoma          Case No. 2:13-CV-02335-KJM-CKD
11 corporation,
                                            **ASSIGNED TO JUDGE KIMBERLY J.**
12             Plaintiff,                    **MUELLER, COURTROOM 3, FOR ALL**
                                            **MATTERS EXCEPT DISCOVERY**
13        v.
                                            **STIPULATED PROTECTIVE ORDER**
14 SACRAMENTO MUNICIPAL UTILITY
   DISTRICT,                                Complaint Filed: November 12, 2013
15                                          Trial Date:      Not Yet Set
               Defendant.
16

17 AND RELATED COUNTERCLAIM

18

19                           **RECITALS**

20         The parties to this matter hereby wish to enter into a stipulated protective order whereby

21 certain confidential documents exchanged by and between the parties may not be used or disseminated

22 beyond the strict confines of this litigation.  In order to effectuate that goal, the parties have crafted the

23 below-articulated stipulation and proposed order thereon.

24                          **STIPULATION**

25         The following provisions shall govern production, disclosure, use, and dissemination of

26 confidential information in this matter, including any such information found in any documents

27 produced in the course of discovery (including by third parties in response to a subpoena), any

28 answers to interrogatories, any answers to requests for admission, and any deposition testimony:

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

1195331.1                          -1-                    2:13-CV-02335-KJM-CKD
                        [PROPOSED] STIPULATED PROTECTIVE ORDER

(A)     Designation of confidential information must be made by placing or affixing on the document in a manner that will not interfere with its legibility the word "CONFIDENTIAL."  One who provides material may designate it as "CONFIDENTIAL" only when the person in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information.  Except for documents produced for inspection at the party's facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information.  In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential.  Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(B)     Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken.

(C)     Information or documents designated as confidential under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (D) for any purposes whatsoever other than preparing for and conducting the litigation/trial in which the information or documents were disclosed (including appeals).

(D)     The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)     Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this rule requiring that the documents and information be held in confidence.

(ii)    Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

1195331.1                                    -2-                           2:13-CV-02335-KJM-CKD
[PROPOSED] STIPULATED PROTECTIVE ORDER

(iii)     Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.  Before disclosure to any such court reporter or person engaged in making photocopies of documents, such reporter or person must agree in writing to be bound by the terms of this Order.

(iv)     Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of claims.  Before disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(E)     Except as provided in subparagraph (D), counsel for the parties must keep all documents designated as confidential secure within their exclusive possession and must place such documents in a secure area.

(F)     All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

(G)     A party may challenge the designation of confidentiality by motion.  The movant must accompany such a motion with the statement required by Civil L. R. 251.  The party prevailing on any such motion is entitled to recover as motion costs its actual attorney fees and costs attributable to the motion.

(H)     At the conclusion of the litigation, all material not received in evidence and treated as confidential under this Order must be returned to the originating party.  If the parties so stipulated, the material may be destroyed.

(I)     The provisions of this Order shall apply to all document production and other information provided by third parties in response to subpoena.  Should any party wish to designate any information disclosed by third parties as confidential, the party shall, within ten days of receipt of said information, inform counsel for all other parties that it is designating the information as confidential, whereupon each party shall mark the information as such in accordance with Paragraph (F), above, and the production, disclosure, use, and dissemination of said information shall be governed by the

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

1195331.1                                      -3-                        2:13-CV-02335-KJM-CKD
[PROPOSED] STIPULATED PROTECTIVE ORDER

1   provisions of this Order to the same extent as confidential information produced or disclosed by the

2   parties.  During the ten-day period following a party's receipt of any information provided by a third

3   party in response to subpoena, all parties shall treat the information as presumptively confidential, and

4   the provisions of this Order shall govern the production, disclosure, use, and dissemination of that

5   information during that period.

6           (J)      Should any party seek to file any document marked as "CONFIDENTIAL" by the

7   other party with the Court, the party seeking to make the filing shall provide advance notice to the

8   other party of said filing, and the parties will meet and confer with respect to the necessity of making a

9   sealed filing, or whether lesser measures of protection, such as redaction of the document, will suffice.

10  If the parties are unable to agree regarding the need for a sealed filing, the parties shall jointly contact

11  the Court for guidance as to the propriety of/need for a sealed filing.

12          IT IS SO STIPULATED.

13  DATED:  December 22, 2014          WILKE, FLEURY, HOFFELT,
                                        GOULD & BIRNEY, LLP
14

15

16                                      By:  _____/s/ Daniel L. Baxter_____
                                             DANIEL L. BAXTER
17                                      Attorneys for Plaintiff/Cross-Defendant
                                             TDW SERVICES, INC.
18  DATED:  December 22, 2014          LEWIS BRISBOIS BISGAARD & SMITH LLP

19

20                                      By:  _____/s/ Matthew M. Randle_____
21                                           MATTHEW M. RANDLE
                                        Attorneys for Defendant/Cross-Complainant
22                                      SACRAMENTO MUNICIPAL UTILITY
                                             DISTRICT
23  IT IS SO ORDERED.

24  Dated:  January 6, 2015

25                                      _____
                                        CAROLYN K. DELANEY
26                                      UNITED STATES MAGISTRATE JUDGE
27

28

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

1195331.1                    -4-                      2:13-CV-02335-KJM-CKD
                     [PROPOSED] STIPULATED PROTECTIVE ORDER